UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARIEL LOPEZ,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.

20-CV-5903 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Petitioner Dariel Lopez, appearing *pro se* and currently incarcerated in F.C.I. Fort Dix in Fort Dix, New Jersey, brings this "Motion for Relief [sic] to Home Confinement." Because Petitioner seeks to be released, his motion is construed as a petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241. Petitioner asserts that because of his medical conditions, he is vulnerable to contract COVID-19. For the following reasons, this petition is transferred to the United States District Court for the District of New Jersey.

      In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently detained in F.C.I. Fort Dix, which is located in the judicial district of the United States District Court for District of New Jersey. Therefore, in the interest of justice, this Court transfers this petition to the District of New Jersey. *See* 28 U.S.C. § 1406(a).

      The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States

District Court for the District of New Jersey. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 30, 2020
         New York, New York

_____
                                        COLLEEN McMAHON
                                        Chief United States District Judge