UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| DARIEL LOPEZ, | : | |
| | : | CIV. NO. 20-10102 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| WARDEN FCI FORT DIX, | : | |
| | : | |
| Respondent | : | |

On July 28, 2020, Petitioner Dariel Lopez, a prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI-Fort Dix"), filed a petition in the United States District Court, Southern District of New York ("SDNY") seeking release to home confinement because he has a medical condition that makes him vulnerable to COVID-19 in prison. (Pet., Dkt. No. 1.) The SDNY Court transferred the petition to this Court, which has jurisdiction over Petitioner's custodian, the warden of FCI Fort Dix.[1] See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("in habeas challenges to present physical confinement-"core challenges"-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held….")

---

[1] The Court has substituted the Warden of FCI Fort Dix as the respondent in this matter.

Although a habeas petition under § 2241 is the proper vehicle to seek earlier release from prison to correct an error in the BOP's execution of a prisoner's sentence, such relief is limited to instances where the BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment. Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012). Petitioner has not alleged that the BOP's conduct is inconsistent with a command or recommendation in the sentencing judgment. The Court notes that if Petitioner wishes to seek compassionate release under the First Step Act, he may file a motion under 18 U.S.C. § 3582(c)(1)(A) with his sentencing court, if the warden has denied his request for compassionate release. See United States v. Raia, 954 F.3d 594, 596 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court….")

Petitioner has not paid the $5 filing fee for a habeas petition nor has he filed an application to proceed without prepayment of fees (*in forma pauperis* or IFP) under 28 U.S.C. § 1915(a). Therefore, the Court will administratively terminate this action, subject to reopening. However, as discussed above, Petitioner has not stated a cognizable claim under 28 U.S.C. § 2241.

**IT IS** on this **7th day of August 2020**,

**ORDERED** that the Clerk of the Court shall send Petitioner a

2

blank form "Affidavit of Poverty and Account Certification (Civil Rights);" and it is further

**ORDERED** that the Clerk shall administratively terminate this matter, subject to reopening; and it is further

**ORDERED** that if Petitioner wishes to reopen this matter he shall submit to the Clerk of Court, within 30 days from the date of entry of this Order; (1) a complete, signed *in forma pauperis* application or (2) the $5 filing fee; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**